UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUNPREET SINGH,

                    Petitioner,

        v.

PAM BONDI et al.,

                    Respondents.

CASE NO. 2:26-cv-00197-JHC

ORDER

This matter comes before the Court on Petitioner's Motion for Temporary Restraining Order.  Dkt. # 2.  The Court has reviewed the Motion, pertinent portions of the record, and the applicable law.  Over 24 hours have passed since service of the motion and Respondents have not indicated that they intend to respond.  *See generally* Dkt.; *see also* LCR 65(b)(5).  For the reasons below, the Court GRANTS the motion in part and DENIES it in part.

District courts may grant a temporary restraining order (TRO) "to preserve the Court's jurisdiction and to maintain the status quo" while the case is pending.  *Alvarado v. Wamsley*, 2025 WL 3282423, at *1 (W.D. Wash. Nov. 25, 2025) (citing *A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025)).  To receive a TRO, a petitioner must establish: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public

ORDER - 1

interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for issuing a TRO is "substantially identical" to that of a preliminary injunction). In the Ninth Circuit, a petitioner can also receive a TRO by showing that there are "serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Here, the Court finds that a TRO is warranted. Petitioner has shown that there are "serious questions going to the merits" of his due process claim as to re-detention. He has also shown that without preliminary injunctive relief, he is at serious risk of being removed or transferred, either of which would cause irreparable harm. The Court also finds that the balance of hardships and the public interest weigh sharply in favor of granting Petitioner's requested TRO, especially because Defendants have provided no reasons for why the Motion should be denied. The Court is also of the opinion that Petitioner's primary requested relief—an injunction preventing Defendants from removing or transferring Petitioner while his habeas case is pending—is not an extraordinary remedy but rather, a necessary measure to preserve the Court's jurisdiction and maintain the status quo while the habeas petition is being resolved.

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Petitioner's Motion (Dkt. # 2) and ORDERS:

(1) Petitioner's request for a Temporary Restraining Order is GRANTED. Defendants and all of their respective officers, agents, servants, employees, attorneys and persons acting on their behalf in concert or in participation with them are hereby enjoined and restrained from:

ORDER - 2

a.  Removing or deporting the Petitioner from the United States while these proceedings are pending; and

b.  Transferring the Petitioner from the Northwest ICE Processing Center to any other detention facility during the pendency of these proceedings.

(2) DENIES without prejudice Petitioner's request for immediate release from detention. The Court will review the briefing from the parties per Dkt. # 4 before considering this request.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21 day of January, 2026.

John H. Chun
John H. Chun
United States District Judge

ORDER - 3